UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| DONALD R. TEAGUE, SR., | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:12-CV-835-CEJ |
| | ) | |
| CORIZON - MEDICAL, et al., | ) | |
| | ) | |
|     Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of Donald R. Teague, Sr. (registration no. 14520) for leave to commence this action without payment of the required filing fee. For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the entire filing fee, and therefore, the motion will be granted, and plaintiff will be assessed an initial partial filing fee of $6.70. *See* 28 U.S.C. § 1915(b)(1). Furthermore, based upon a review of the complaint, the Court finds that this action should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's

account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of plaintiff's account indicates an average monthly deposit of $33.50, and an average monthly balance of $3.20. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $6.70, which is 20 percent of plaintiff's average monthly deposit.

### 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32-33 (1992).

## The Complaint

Plaintiff, an inmate at the St. Louis City Justice Center, brings this action for monetary relief under 42 U.S.C. § 1983. Named as defendants are Corizon-Medical ("Corizon") and Medium Security Institution ("MSI"). Plaintiff alleges that he saw Dr. Mallard, a Corizon physician who is not a defendant in this action, on February 28. Dr. Mallard told plaintiff his leg "was sprung [sic] and [he] put [plaintiff] in Pod III for three days." Plaintiff claims that although he was scheduled to see the doctor a week later, he has not seen anyone regarding his injured leg. Plaintiff alleges that he is being denied medical attention and is in "great pain day in and night because of [his] injury."

## Discussion

Having carefully reviewed the complaint, the Court concludes that dismissal is warranted under 28 U.S.C. § 1915(e)(2)(B). Plaintiff does not claim that the alleged constitutional violations are the result of a Corizon policy or action, or to an action by anyone representing Corizon's official policy. Rather, he vaguely alleges that "they" are not treating him. The respondeat superior theory of liability, however, is inapplicable in § 1983 suits. See Boyd v. Knox, 47 F.3d 966, 968 (8th Cir. 1995). Moreover, "[a] corporation acting under color of state law will beheld liable only for its own unconstitutional policies." See Sanders v. Sears, Roebuck & Co., 984 F.2d 972, 975-76 (8th Cir. 1993). Because plaintiff does not identify any alleged Corizon official policies or customs, the complaint is legally frivolous as to this defendant.

The complaint is also frivolous as to defendant MSI, because jails and local government detention centers are not suable entities. *See Marsden v. Fed. Bureau of Prisons*, 856 F. Supp. 832, 836 (S.D.N.Y. 1994)(jails are not entities amenable to suit);

*Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 82 (8th Cir. 1992) (departments or subdivisions of local government are "not juridical entities suable as such"); *Dean v. Barber*, 951 F.2d 1210, 1214-15 (11th Cir. 1992) ("[s]heriff's departments and police departments are not usually considered legal entities subject to suit"); *McCoy v. Chesapeake Correctional Center*, 788 F.Supp. 890 (E.D.Va. 1992) (local jails are not "persons" under § 1983).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff shall pay an initial filing fee of $6.70 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk of Court shall docket this case as *Donald R. Teague, Sr. v. Corizon-Medical and Medium Security Institution*.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint, because the complaint is legally frivolous and fails to state a claim upon which relief can be granted.

Dated this 13th day of June, 2012.

_/s/ Carol E. Jackson_
UNITED STATES DISTRICT JUDGE